[761 NYS2d 263]

In the Matter of KENNETH KARPEL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 9, 2003

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Kenneth N. Karpel*, Norwalk, Connecticut, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 25

charges of professional misconduct. Charges 1, 16, 24, and 25 were withdrawn, and Charges 3, 12, and 15 were amended. The respondent stipulated to almost all of the factual allegations contained in all of the charges, as amended, that were not withdrawn. After a hearing, the Special Referee issued a report that appears to exculpate the respondent. The Grievance Committee moves to confirm the report of the Special Referee insofar as it sustains the charges and to disaffirm it insofar as it fails to sustain the charges. The respondent moves to confirm the Special Referee's report in its entirety.

Charges 2, 3 (as amended), 6, 7, 8, 9, 10, and 11 alleged that the respondent failed to maintain a duly-constituted escrow account, in breach of his fiduciary duty, by improperly issuing checks from his attorney trust account to family members and to pay for personal expenses and that such conduct adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges 5, 12 (as amended), 13, 15 (as amended), 17, and 18 alleged that the respondent failed to maintain a duly-constituted escrow account, in breach of his fiduciary duty, by converting funds entrusted to him to be held in escrow, and that such conduct adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent issued checks for funds in excess of those on deposit for his clients Iodice, Kiss, Lane, Ramirez, and Sorg.

Charges 4, 14, and 19 alleged that the respondent failed to maintain a duly-constituted escrow account, in breach of his fiduciary duty, by converting funds entrusted to him to be held in escrow, and that such conduct adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent issued checks from his attorney trust account in the Martell/Ingraham matter, the Lane matter, and the Z-Line/Iodice matter when there were no available funds on deposit for those matters.

Charge 21 alleged that the respondent engaged in an impermissible conflict of interest, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]), in the administration of the estate of Teresa Lepore. The respondent deposited $223,946.75 into his attorney trust account. Peter Lepore, Sr., the decedent's son, was and continued to be the respondent's client. Pursuant to the will, the decedent's son,

Joseph Lepore was nominated to act as the executor. Moreover, the will contained no bequest to Peter Lepore, Sr. The respondent withheld Joseph Lepore's distribution pursuant to the instructions of Peter Lepore, Sr.

Charge 22 alleged that the respondent failed to maintain a duly-constituted escrow account, in breach of his fiduciary duty, by converting funds entrusted to him to be held in escrow, and that such conduct adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In connection with the estate of Teresa Lepore, the respondent deposited into his attorney trust account $22,300 on February 6, 1997, and $201,646.75 on February 26, 1997. Between February and June 1997, the balance in the respondent's trust account fell below the amount he was required to hold on behalf of the estate of Teresa Lepore.

Charge 23 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to cooperate with the petitioner's lawful demands.

At the hearing, the petitioner moved the parties' stipulation into evidence and rested. The respondent testified on his own behalf and presented one exhibit and two witnesses. The Special Referee credited the testimony of the respondent and his two witnesses.

Based on the evidence adduced at the hearing, including the parties' stipulation, we find that all of the charges, except Charge 20, should have been sustained by the Special Referee. The petitioner's motion is, therefore, granted insofar as the remaining charges are sustained, and the motion is otherwise denied.

In support of his cross motion to confirm the report of the Special Referee, the respondent asks the Court to adopt the following findings by the Special Referee: There was no evidence of his misuse, abuse, or impairment of client funds in his escrow accounts, nor were the balances in those accounts ever less than the amounts he was required to hold on behalf of his clients. There was no evidence of any improper application or conversion of funds in his escrow accounts or withdrawal of funds contrary to the clients' directions. There was no evidence of any breach of his fiduciary obligations, no evidence of any improper conflicts of interests, and no evidence that his clients were adversely affected by any alleged conflicts of interest.

His contentions to the contrary notwithstanding, the respondent is guilty of serious professional misconduct. His cross motion, therefore, is granted only insofar as Charge 20 is not sustained, and is otherwise denied.

The respondent's prior disciplinary history consists of a letter of caution dated April 6, 2000, for neglecting a legal matter entrusted to him and failing to provide a client with a statement of client's rights and responsibilities.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., RITTER, FLORIO, FEUERSTEIN and H. MILLER, JJ., concur.

Ordered that the petitioner's motion is granted insofar as all of the charges, except Charge 20, are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted insofar as Charge 20 is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Kenneth Karpel, is suspended from the practice of law for a period of five years, commencing July 9, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kenneth Karpel, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.